WILLIAM H. DUNSTAN, Plaintiff and Appellant, v. NORTHERN PACIFIC RAILROAD COMPANY, Defendant and Respondent.

**Damages in Ejectment — Reservation in Deed — Railroad Right of Way.**

1.  In an action of ejectment, and to recover damages for withholding the property, where it appears that plaintiff has conveyed the land pending the litigation, he is still, under § 5454 of the Compiled Laws, entitled to judgment for whatever damages the evidence may establish.

2.  Where the Northern Pacific Railroad Company conveyed a portion of the land granted to it by congress to a private person, "reserving and excepting therefrom, however, a strip extending through the same * * * of the width of 400 feet — that is, 200 feet on each side of the center line of the Northern Pacific Railroad, or any of its branches—to be used for right of way, * * * in case the line of said railroad or any of its branches, has been or shall be located on or over * * * said described premises," *held*, that such reservation covered one such strip only, and that the railroad company could not claim a right of way, both for its main line and a branch line, over the tract so conveyed under such reservation.

3.  *Held, further*, that where a separate corporation entered upon and located and constructed a line of railroad across said tract, and subsequently leased the same to the Northern Pacific Railroad Company, which latter company operated the same as a branch of its main line, that, whatever interest in or right to the right of way of such road the latter company had, it obtained and held under its lease, and not under the reservation.

(Opinion Filed June 17, 1891.  Re-hearing Denied Aug. 21, 1891.)

*A*PPEAL from district court, Stutsman county.  Hon. RODERICK ROSE, Judge.

*S. L. Glaspell,* for appellant.  *John S. Watson* and *W. F. Ball,* for respondent.

Action in ejectment and for damages for witholding the property.  Judgment for plaintiff.  Defendant appeals.  Reversed and new trial ordered.

S. L. Glaspell for appellant:

The defendant is not permitted by its charter to construct branch lines, and unless power to build them is

conferred upon a company by its charter, either in express terms or by necessary implication, they cannot be constructed. Railroad Co. v. Railroad Co., 31 N. J. Law 205; note to M'Abey v. Railroad Co., 20 Am. & Eng. R. R. Cases 319; note to Lamer v. Railroad Co., 10 Id. 21. Conceding that defendant cannot construct a branch line, there is still a line of decisions holding that one who has contracted with a corporation cannot deny the existence of the corporation or deny its power to do what the parties have mutually agreed to do. Thus a person who has borrowed money from a bank and failed to pay cannot make the defense when sued for it that the bank had no right to loan the money. Mining Co. v. Bank, 96 U. S. 640. The reservation is void for uncertainty. The strip is excepted for right-of-way or other railroad purposes so that there is taken out of the grant a part of the thing granted; not merely an easement, but the fee. Munn v. Worrall, 53 N. Y. 44; Washburn on Real Property, Vol. 3, p. 368; Mayor, etc. v. Law, 26 N. E. Rep. 471. An exception in a deed is to be taken most favorable to the grantee and if not described with certainty the grantee shall have the benefit of the defect. Jackson v. Hudson, 3 Johns. 375; Thompson v. Gregory, 4 Johns. 81; Jackson v. Gardner, 8 Johns. 394. After third parties have acquired rights the original parties cannot correct an erroneous description to their prejudice without their consent. Sneed v. Woodward, 30 Cal. 430; 2nd Wait's Actions and Defenses 504; Hall v. Pickering, 40 Maine 548; Rorer on Railroads, 318; Van Wyck v. Wright, 18 Wend. 157. Defendant is a mere lessee, liable to be ejected for non-payment of rent or breach of other conditions. Railroad Co. v. Day, 30 Am. & Eng. R. R. Cases, 333. Trespass or ejectment will lie. Note to Railroad Co. v. Karnes, 10 Am. and Eng. R. R. Cases, 43; note to Jones v. Railroad Co., 14 Id. 224; Rorer on Railroads, 305, 318.

John S. Watson and W. F. Ball for respondent:

Violations of a charter cannot be assailed collaterally in a suit by private parties. Cowell v. Colo. Springs Co., 100 U. S. 55; Natoma, etc.,v. Clarkin, 14 Cal. 552; Finch v. Baldwin, 17 Johns.

161. Where a corporation is incompetent by its charter to take title to real estate, a conveyance to it is not void, but only voidable; and the sovereign only can object. Bank v. Matthews, 98 U. S. 621; Christian Union, etc., v. Yount, 11 Otto 352; American Bible Society v. Marshall, 15 Ohio St. 537. It is a well established principle that reservations and exceptions, which are not definitely fixed by the grant containing them, may be designated by the grantor, and if for any reason he fails to so designate them, the grantee may do so. Holmes v. Seeley, 19 Wend. 506. If a way is expressly granted and its locality is not defined, it may be fixed by the acts of the parties and when once fixed it cannot be changed. Bannon v. Angiers, 2 Allen 128; Wynkoop v. Berger, 12 John. 222. The owner of the way may locate it, providing he does so without unnecessary injury to the other party. Hart v. Conner, 25 Conn. 331; Garland v. Furber, 47 N. H. 301; Russell v. Jackson, 2 Pick. 574; Jennison v. Walker, 11 Gray 426. The uncertainty in a reservation may be cured by the acts of the parties. Benn v. Hatcher, 81 Va. 25; Gill v. Grand Tower, etc., 92 Ill. 249; Dygert v. Mathews, 11 Wend. 35; Crocker v. Crocker, 5 Hun 587.

The opinion of the court was delivered by

BARTHOLOMEW, J. This was an action under our statute in the nature of ejectment for a quarter section of land, coupled with a claim for damages for withholding the same. Under the answer the issues were upon the amount of damages, and the ownership of a strip of land 400 feet in width across said tract, the title to which defendant claimed to hold under the reservation or exception hereafter noticed. The land in dispute was a part of the original grant of lands by congress to the defendant railroad company. Plaintiff traced his title through a certain deed from defendant to one Davis, dated September 15, 1876, and conveying the S. ½ of said quarter section, and a deed from defendant to one Hamilton, dated November 10, 1878, conveying the N. ½ of said tract. Davis and Hamilton conveyed to plaintiff in December, 1878, without reservation or exception. Plaintiff also showed possession of said strip of land in defendant since the fall of 1885, and introduced evidence on the ques-

tion of damages. The conveyances by defendant through which plaintiff claimed title contained, immediately after the granting clause, the following language: "Reserving and excepting therefrom, however, a strip of land extending through the same (or so much of said strip of land as may be within said described premises), of the width of four hundred feet—that is, two hundred feet on each side of the center line of the Northern Pacific railroad, or any of its branches—to be used for right of way or other railroad purposes, in case the line of said railroad, or any of its branches, has been or shall be located on or over or within less than two hundred feet of said described premises." The strip claimed was shown to extend diagonally across said quarter section, and was used by defendant, as appears from its testimony, as a right of way for what is known as the "James River Valley Branch" of the Northern Pacific Railroad. Defendant's evidence showed that this road was originally constructed by a distinct and separate corporation— the James River Valley Railroad Company—and after its completion it was leased by said last-named company to defendant for a term of 999 years, for the annual rental of one dollar, and the payment of the annual interest on the outstanding bonds of the James River Valley Railroad, and since December, 1885, defendant has been in possession of and was operating said road as a branch of the Northern Pacific Railroad. It also appeared that after the commencement of this action plaintiff conveyed the quarter section to his wife, and the wife reconveyed to plaintiff, and delivered the deed during the progress of the trial. There is no claim that the James River Valley Railroad Company ever took any steps to secure title to a right of way across said tract. When the testimony was closed, defendant moved the court to direct a verdict for defendant on the following grounds: *First,* because the evidence showed that defendant did not construct the line of road in question over plaintiff's land; *second,* because prior to the trial plaintiff had conveyed his interest in the land to a third party; *third,* because it appeared that plaintiff had no title to the particular land of which he sought to gain possession; and, *fourth,* because the evidence was insufficient to justify any verdict against

defendant. This motion was granted, and a verdict returned accordingly. If this ruling can be sustained on any ground assigned, the judgment must be affirmed.

The first ground is not seriously urged in this court, and indeed could not be. The point might be material on the question of damages, but it furnished no ground for refusing plaintiff possession. Ejectment always lies against the party in possession. Nor did the fact that plaintiff, pending the action, transferred the land to a third party, entitle defendant to a verdict on all the issues. We do not pass upon plaintiff's right to a judgment for possession, under the facts disclosed by the evidence upon this point; but § 5454 of the Compiled Laws provides that where the plaintiff shows a right to recover at the time the action was commenced, but such right has terminated during the pendency of the action, the verdict and judgment must be according to the fact, and plaintiff may recover damages for withholding the property. In this court, however, respondent's chief contention is that the ruling must be sustained on the third ground presented in the motion; on the theory that defendant's title to this right of way did not pass from it by the deeds executed to plaintiff's grantors, but was reserved and excepted by the language already quoted. In passing upon this point we shall not stop to consider respondent's power under its charter to build or operate branch lines, nor plaintiff's right to question that power. Neither need we define the exact estate excepted or reserved by the language used, nor decide whether or not such exception or reservation would in any event be void for uncertainty. These questions were ably discussed by the eminent counsel representing the respective parties, but, in our view, the solution is not involved in the decision of this case. It appears from the evidence that prior to the construction of the James River Valley Railroad, the main line of defendant's road had been located, and was being operated, over and across this same quarter section of land; and, while it perhaps does not appear in evidence, yet it is conceded by counsel that it was so located and operated prior to and at the time of the execution of the conveyances from defendant to plaintiff's grantors. We concede,

for the purposes of this opinion, that the plaintiff is bound by the language contained in those conveyances to the same extent that his grantors were bound. It does not certainly appear in what manner the main line crosses this quarter section, or whether or not it intersects both the north and south half thereof, but it does appear that this branch line crosses the tract diagonally near the center; hence it is certain that both lines must to some extent run upon the same subdivision as originally conveyed by defendant. The reservation is of "a strip of land * * *· of the width of four hundred feet, that is, two hundred feet on each side of the center line of the Northern Pacific Railroad, or any of its branches, to be reserved for right of way, * * * in case the line of said railroad, or any of its branches, has been or shall be located on or over * * * said described premises." This language covers but one strip. If the line of the defendant's road had already been located across the land when the conveyance was made, then the language simply reserved the right of way for such line. If the line was subsequently located, its location at once fixed the limits of the reservation, and exhausted its extent. In neither case was there anything left on which to base a claim for right of way for a branch road. The language will not bear extension beyond its plain import. Should we hold that it could be construed to mean two strips, each of four hundred feet in width, simply because the defendant operates two lines across this tract, then we would be forced to hold that it could be construed to mean as many such strips as could be surveyed within the limits of the tract, should the defendant at any future time desire to operate that number of lines across said tract. No one would contend for such a construction.

But, to our minds, there is another and broader reason why defendant can in this action assert no claim under the reservation in the conveyances to plaintiff's grantors. Such reservations neither created or preserved any rights of the James River Valley Railroad Company. When that company entered upon and located its line of road across plaintiff's land it was, and still is, a stranger to such reservation. Nor could such location define or fix the limits to any rights or estate of this

defendant. As long as the James River Valley Railroad Company remained in possession of this road defendant had no interest whatever in this right of way. It has never located any branch of its line thereon. If it now has any interest in such right of way it is by reason of the receipt by it of a lease from the James River Valley Railroad Company, and not by reason of the existence of the one condition prescribed in the reservation. There is a clear and well defined distinction between a line of road that is in fact a branch of a main line and a road that is simply operated as a branch; all the difference that exists between absolute ownership and a right to use for a limited time, under certain restrictions. Again, suppose that defendant should default in the payment of the interest on the bonds of the James River Valley Railroad, in accordance with the terms of the lease, and the lease should be for that reason cancelled, and the road returned to the control and possession of the James River Valley Railroad Company. Would this defendant still hold the title to this right of way? Certainly not. Yet where is the conveyance or decree that divested it? If the cancellation of the lease terminates all of defendant's interest in this right of way, is it not absolutely certain that whatever interest it has is dependent upon the lease, and not upon this reservation?

This case turns largely upon a question of construction, and it is clear to us that the learned trial court entertained an erroneous view of the scope and effect of that reservation. What we have said fully disposes of the fourth ground of the motion for verdict. It must be noticed that plaintiff's right to maintain ejectment, under the facts in this case, is not challenged, and hence not passed upon. The judgment of the district court is reversed, and case remanded for trial *de novo*. All concur.